UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

JAVIER MORZAN,    Main Case No.: 20-18765-LMI
                 Chapter 7
    Debtor.
_____/    Adv. Case No.: _____

MARCIA T. DUNN, Chapter 7 Trustee
of the Bankruptcy Estate of JAVIER MORZAN,

    Plaintiff,
v.

JAVIER MORZAN a/k/a Javier Ernesto Morzan
a/k/a Javier E. Morzan a/k/a Javier Ernesto
Morzan, Sr.,

    Defendant.
_____/

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

Plaintiff, Marcia T. Dunn, as Chapter 7 Trustee of the above referenced Bankruptcy Estate (hereinafter, the "Trustee" or "Plaintiff"), through counsel, sues Debtor/Defendant JAVIER MORZAN a/k/a Javier Ernesto Morzan a/k/a Javier E. Morzan a/k/a Javier Ernesto Morzan, Sr. (hereinafter, the "Debtor" or "Defendant"), pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 7001, and alleges as follows:

**JURISDICTION & VENUE**

1.    This is an adversary proceeding filed under Federal Rule of Bankruptcy Procedure Rule 7001, et seq., to object to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and 727(a)(4)(A).

2.    This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

3.    This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b).

4.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5.    Marcia T. Dunn is the duly appointed Trustee in the underlying Chapter 7 bankruptcy proceeding and authorized to bring this action under 11 U.S.C. § 727(c)(1). This action is brought solely in Ms. Dunn's capacity as Trustee.

6.    Defendant, JAVIER MORZAN, is the Debtor in the underlying Chapter 7 bankruptcy proceeding and are otherwise *sui juris*.

## BACKGROUND

### A. The Debtor's Bankruptcy Filing

7.    On August 14, 2020 (the "Petition Date), Debtor commenced the instant bankruptcy case through counsel with the filing of a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code (the "Code") styled *In re Javier Morzan*, Case No. 20-18765-LMI (the "Main Case").

8.    The Debtor's First Meeting of Creditors pursuant to 11 U.S.C. § 341 (the "First Meeting") was held and concluded on September 15, 2020.

### B. The Debtor's Bankruptcy Schedules

9.    The Debtor filed his initial schedules with the filing of his voluntary Petition, including all Schedules and his Statement of Financial Affairs. The Debtor signed all under oath and under penalty of perjury.

10.    The Debtor did not make any amendments to his Schedules or Statement of Financial Affairs.

11. The Debtor schedules $224,526.00 in assets, consisting of real property (homestead) valued at $195,000.00 and personal property including businesses valued at $29,526.00, and schedules $216,532.43 in liabilities [Main Case, D.E. 1].[1]

12. Among other notable deficiencies, the Debtor does not schedule ownership of business interest, Chuncho Bravo Stable & Farm, LLC, created four (4) months pre-Petition; the Debtor does not schedule transfers to this entity from existing scheduled entities, and transfers to an undisclosed bank account held at ScotiaBank in Peru; and the Debtor does not schedule his interest in an undisclosed account gambling or gaming account held with Xpress Bet with a pre-Petition value of approximately $8,000.00.

13. In her initial case review, the Trustee uncovered these undisclosed items in bank statements produced by the Debtor in advance of his First Meeting.

## C. The Debtor's 2004 Examination and Subsequent Production

14. On September 30, 2020, the Trustee filed and served a *Notice of Rule 2004 Examination Duces Tecum of Debtor* (the "Notice") [Main Case, D.E. 21], setting the Debtor's examination for December 1, 2020, and requesting information and documentation from the Debtor to be produced prior to the examination (the "Document Request").

15. The Document Request was crafted from the Debtor's Schedules and Statements, documents produced by the Debtor in advance of his First Meeting, testimony by the Debtor at his First Meeting, and independent research.

16. On October 19, 2020, with the coordination of Debtor's then-counsel, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* (the "Re-Notice")

---

[1] On December 28, 2020, the *Trustee's Notice of Abandonment* was filed with respect to a vehicle listed by the Debtor under Schedule A/B with a value of $19,975.00 thereby reducing the scheduled value of personal property to $9,551.00 [Main Case, D.E. 47].

[Main Case, D.E. 27], resetting the Debtor's examination for December 16, 2020, and requesting information and documentation from the Debtor to be produced prior to the examination.

17. On December 15, 2020, the Trustee cancelled the Debtor's examination coordinated for December 16, 2020, because of the pending hearing of *Debtor's Counsel's Motion to Withdraw* [Main Case, D.E. 31] filed November 9, 2020, and the deficient document production by the Debtor under the Re-Notice.

18. The Debtor has failed substantially in providing various documents to the Trustee under the Re-Notice, most particularly business records and transactional records related to the undisclosed assets, and on January 15, 2021, the Trustee filed and served her *Motion to Compel Production of Documents from the Debtor, and for Sanctions* (the "Motion") [Main Case, D.E. 51], which was brought before the Court for hearing on February 8, 2021 [Main Case, D.E. 52].

19. The Court heard argument of counsel and the Debtor (appearing *pro se* and with a language interpreter) at the hearing of the Motion. On February 9, 2021, the Court's *Order on Trustee's Motion to Compel Production of Documents from the Debtor, and for Sanctions* (the "Order") [Main Case, D.E. 55] was entered and the Motion was granted. Further, the Order instructed the Debtor to respond to the Trustee's Re-Notice within 14 days of the date of the hearing.

20. Further, under Paragraph 3 of the Order:

If the requested documents and information herein are not available, the Debtor shall provide (1) written explanation to the Trustee as to why the documents and information are not available, (2) description of efforts the Debtor has taken to obtain the requested documents and information herein, and (3) proof of the efforts the Debtor has taken to obtain the requested documents and information herein.

21. Since the entry of the Order, undersigned counsel's office has been in communication with the Debtor seeking for his compliance with the terms of the Order, to no avail.

22. On April 16, 2021, the Trustee filed her *Motion to Compel Turnover (Xpress Bet Account Balances, Scotiabank Peru Account Balances and Statements)* (the "Second Motion") [Main Case, D.E. 63]. The Second Motion is set for hearing on May 10, 2021 [Main Case, D.E. 64].

23. Throughout this case, the Debtor has been evasive and has failed to provide adequate explanation regarding his financial affairs. The Trustee has uncovered numerous false oaths, omissions, material misstatements, coupled with the Debtor's repeated and pervasive failures to adequately explain the loss of assets and deficiency of assets to meet his liabilities. The Debtor has also failed substantially in providing various documents to the Trustee, most particularly business records and transactional records.

24. While the Trustee continues her investigation, she has identified several substantial issues involving the Debtor's pre- and post-Petition financial affairs that were not accurately disclosed, that were concealed, and/or inadequately explained by the Debtor, including but not limited to the below:

**The Debtor's Business Interests and Subsequent Transfers/Continuations**

25. As of the Petition Date, the Debtor scheduled his interest in:

    a. **Caribbean Business, Inc. d/b/a Only Way Vacations** (EIN 27-05833933) (the Debtor failed to disclose the DBA), formed July 2009 and scheduled as "will be dissolved"; and

    b. **Whoosh Talk, LLC** (EIN 82-1404629), formed in May 2017 and scheduled as "will be dissolved."

26. A review of Debtor's bank statements and *Sunbiz.org* show that both entities filed annual corporate reports with the Florida Secretary of State on June 30, 2020.

27. At his First Meeting, the Debtor testified that he owned no other businesses, and that the scheduled businesses had no employees, and that the scheduled businesses had not operated since at least March 2020 due to COVID-19.

28. In reviewing the Wells Fargo bank statements produced by the Debtor in advance of the First Meeting it appears that through Whoosh Talk, LLC, on May 14, 2020, the Debtor obtained $4,274.00 under the PPP, and on May 15, 2020, transferred $4,200.00 to an undisclosed Wells Fargo bank account in the name of Chuncho Bravo Stable & Farm, LLC. The Debtor failed to disclose his ownership of Chuncho Bravo Stable & Farm, LLC, formed April 16, 2020. *(The Debtor also used the Caribbean business bank account to make pre-Petition transfers to Chuncho Bravo.)*

29. In reviewing a Wells Fargo bank statement produced by Debtor pursuant to the Re-Notice, on April 13, 2020, the Debtor through Caribbean Business, Inc., obtained $10,000.00 from the U.S. Small Business Administration disaster loan program (the "SBA"). The Debtor immediately transferred $2,500.00 to an *undisclosed* personal account at ScotiaBank Peru, and immediately transferred $7,500.00 to the *undisclosed* Wells Fargo bank account in the name of Chuncho Bravo Stable & Farm, LLC. The Debtor failed to disclose his ownership of Chuncho Bravo Stable & Farm, LLC formed April 16, 2020.

30. The Debtor's businesses operate out of his home.

31. The Debtor scheduled his employment as a part-time horse trainer at Gulfstream Park Racing and Casino for approximately one (1) month.

32. The Trustee's investigation of social media and the Internet indicates that the Debtor is a horse trainer through Chuncho Bravo Stable & Farm, LLC working out of Gulfstream Park Racing and Casino, and the Florida Department of Professional Regulation indicates the

Debtor, using the name Javier E. Morzan, Sr., is licensed in pari-mutuel wagering as an individual as of April 20, 2020.

33. The Debtor produced no records regarding the applications for SBA and PPP funds; however, the Debtor did produce documentation indicating requests for PPP and SBA monies were denied while never acknowledging a subsequent successful application and receipt of PPP funds; this is misleading.

34. The Debtor's primary business seems to be Chuncho Bravo Stable & Farm, LLC; however, he also earns a living as an Uber or Lyft driver and collects or collected unemployment benefits as evidenced in his 2019 tax return and bank statements.

35. On information and belief, the Trustee asserts that the Debtor has fraudulently transferred the interests of his disclosed business interests and/or continues to own and operate his disclosed businesses to his undisclosed business and undisclosed bank account in Peru in order to hinder, delay, and/or defraud his creditors.

36. The Debtor has engaged in pattern of cavalier disregard for truthful and accurate disclosures of assets, claims, and sources of recovery for the Estate; has made extensive false oaths, has systematically transferred and concealed assets from creditors and the Estate, among other blatant violations of 11 U.S.C. § 727.

### Reservation of Rights

37. The Trustee is an after-the-fact appointed fiduciary.

38. The Trustee reserves the right to amend, modify and/or supplement these and other allegations contained in this Complaint, and causes of action against the Debtor/Defendant or persons or parties affiliated with the Debtor/Defendant, based on her further investigation.

## COUNT I
### *The Debtor Should Not be Granted a Discharge*
### *Pursuant to 11 U.S.C. § 727(a)(2)*

39.     The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above.

40.     Section 727(a)(2) of the United States Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition;

11 U.S.C. § 727(a)(2).

41.     Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor has, with intent to hinder, delay, or defraud a creditor or an officer of the Estate, transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Debtor, within one (1) year before the date of the filing of the petition and/or property of the Estate, after the date of the filing of the Petition.

42.     As a result of the Debtor's transfers, concealments referenced herein, certain assets may now be unreachable by the creditors of the Debtor or the bankruptcy estate.

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), and for such other relief as is just and proper under the circumstances.

## COUNT II
### *The Debtor Should Not be Granted a Discharge*
### *Pursuant to 11 U.S.C. § 727(a)(3)*

43. The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above.

44. Section 727(a)(3) of the Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. § 727(a)(3).

45. The purpose of § 727(a)(3) is to make full financial disclosure a condition precedent to the court's grant of discharge, *see Broad Nat. Bank v. Kadison*, 26 B.R. 1015 (D.N.J.1983), and to insure that the trustee and creditors are supplied with dependable information on which they can rely in tracing the debtor's financial history. *See Matter of Esposito*, 44 B.R. 817 (Bankr.S.D.N.Y.1984).

46. The Debtor on several occasions failed to produce critical books, records, documents and other information related to his financial affairs, let alone produce sufficient records that comport with the duty required of a Debtor in such circumstances to overcome an objection to discharge under (a)(3). *See e.g. In re Hyder*, 38 B.R. 467 (Bankr.D.Mass.1984).

47. Debtor's repeated concealment, destruction, and/or failure to keep or preserve records materially impaired the Trustee's ability to administer the estate, to the detriment of the estate and its creditors.

48. The Debtor could not provide complete, let alone accurate information regarding bank accounts, corporate documents, business interests, and financial records, among others.

49. Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor has failed to keep or preserve books and records from which his financial condition may be ascertained, or the Debtor has concealed or destroyed any records that may have existed.

**WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), and for such other relief as is just and proper under the circumstances.

## COUNT III
### *The Debtor Should Not be Granted a Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A)*

50. The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above.

51. Section 727(a)(4)(A) of the Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
>     (4) the debtor knowingly and fraudulently, in or in connection with the case—
>         (A) made a false oath or account; or

11 U.S.C. § 727(a)(4)(A).

52. The Debtor has, on several occasions, made false statements under oath concerning his assets. Such statements have been made on his Schedules and Statement of Financial Affairs and at the First Meeting.

53. The Debtor's has also deliberately omitted information connected to the Main Case, which warrants denial of a discharge. Deliberate omissions by the Debtor may also result in the denial of a discharge. *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984).

**WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), and for such other relief as is just and proper under the circumstances.

### COUNT IV
*The Debtor Should Not be Granted a Discharge*
*Pursuant to 11 U.S.C. § 727(a)(4)(D)*

54. The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above.

55. Section 727(a)(4)(D) of the Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. § 727(a)(4)(D).

56. Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor knowingly and fraudulently withheld from the Trustee and her professionals certain recorded information, including books, documents, records, and papers, relating to the Debtor's property and/or financial affairs.

57. The information and documentation sought by the Trustee is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

58. The Debtor's withholding of these records materially impaired the Trustee's ability to administer the estate, to the detriment of the estate and its creditors.

**WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D), and for such other relief as is just and proper under the circumstances.

Dated: April 30, 2021.                    Respectfully submitted,

                                            **DUNN LAW, P.A.**
*Attorneys for Plaintiff, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Javier Morzan*
66 West Flagler Street, Suite 400
Miami, Florida  33130
Tel: 786-433-3866
Fax: 786-260-0269
Email: michael.dunn@dunnlawpa.com

By:    */s/  Michael P. Dunn, Esq.*
       Michael P. Dunn, Esq.
       Florida Bar No. 100705